IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
April 20, 2022 Session[1]

**STATE OF TENNESSEE v. MARK CHRISTOPHER BEASLEY**

**Appeal from the Circuit Court for Carroll County**
**No. 21-CR-4, 20-CR-4      Donald E. Parish, Judge**

———————————————————

**No. W2021-00585-CCA-R3-CD**

———————————————————

CAMILLE R. MCMULLEN, J., dissenting.

I respectfully dissent with the portion of the majority opinion concluding that the evidence was sufficient to support the Defendant's conviction for tampering with evidence. It bears repeating at the outset that while the focus of this appeal is on the tampering with evidence conviction, Tenn. Code Ann. Section 39-16-503, a Class C felony, the Defendant was also charged with and does not dispute his conviction of tampering with evidence pursuant to Tenn. Code Ann. Section 40-39-304, a Class A misdemeanor (requiring minimum of 180 service).[2]  In my view, the evidence adduced at trial failed to show that the Defendant had the requisite action and intent to conceal the GPS device by placing it in the trash can at a convenience store.

Section 39-16-503(a)(1) defines the offense of tampering with physical evidence as follows:

(a) It is unlawful for any person, knowing that an investigation or official proceeding is pending or in progress, to:

(1) Alter, destroy, or conceal any record, document or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding....

---

[1] Oral argument in this matter was held at the University of Tennessee at Martin.
[2] A second or subsequent violation under this section is a Class E felony.  Additionally, if the person violating this section is on probation, parole or any other alternative to incarceration, then the violation shall also constitute sufficient grounds for immediate revocation of probation, parole or other alternative to incarceration.  Tenn. Code Ann. § 40-39-304.  This was the Defendant's second time cutting off his GPS monitoring device; however, the State did not prosecute under the enhanced provision of the statute.

1

This statute requires the State to prove three elements beyond a reasonable doubt—"timing, action, and intent." State v. Hawkins, 406 S.W.3d 121, 131-32 (Tenn. 2013) (citing State v. Gonzales, 2000 UT App. 136, 11, 2 P.3d 954, 957). The "timing" element requires that the act be done only after the defendant forms a belief that an investigation or proceeding "is pending or in progress." The "action" element requires alteration, destruction, or concealment. The "intent" element requires that the defendant intended to hinder the investigation or official proceeding by impairing the record's, document's or thing's "verity, legibility, or availability as evidence." The "timing" element describes a necessary attendant circumstance to the crime—the State must prove beyond a reasonable doubt that the defendant committed the act while "knowing that an investigation or official proceeding is pending or in progress." Id.

The "action" element involves the *actus reus* of the offense. The State must prove beyond a reasonable doubt that the defendant altered, destroyed, or concealed a piece of evidence in the form of a "record, document or thing." The State's case against the Defendant is premised on his "concealment" of the GPS monitoring device. To "conceal" is defined as "to prevent disclosure or recognition of" a thing or "to place [a thing] out of sight." Hawkins, 406 S.W.3d at 132 (citing State v. Majors, 318 S.W.3d at 859). Immediately after TDOC Supervising Officer Martin Higginbotham received an alert from the Defendant's GPS monitor that it had been removed, he and another TDOC supervisor, Jonathan Holland, proceeded to the last GPS location of the device at Hollow Rock convenience store. Within twenty minutes of their arrival, Supervisor Holland located the device in the trash can in the bathroom of the convenience store. They took possession of the GPS monitor and photographed it showing where it had been cut. Based on this conduct, Supervisor Higginbotham issued a warrant for the Defendant for misdemeanor tampering under Section 40-39-304. However, after Supervisor Higginbotham conferred with the prosecutor, the tampering with evidence charge at issue here was added. During Supervisor Holland's testimony, the trial court asked if when the GPS monitor is "damaged in this way does it continue to send out a signal?" and Holland replied "yes." The trial court continued and asked whether it was "fair to say that you knew where the unit was, it's just a matter of finding it?" and Holland replied, "yes."

Given the above testimony, the GPS monitoring device was not concealed as contemplated by the statute. After it was cut, the GPS device continued to emit a signal which enabled the authorities to locate it relatively quickly. The device was found within twenty minutes of the authorities receiving the signal it had been tampered with or removed. While the State argues the GPS device was "hidden," the record is simply devoid of proof that the GPS device was "placed out of sight" inside the trash can. Supervisor Holland said only that the device was located inside the trash can and nothing more. He knew the location of the device, and it was only a matter of time before he found it. Given the inherent nature of the GPS device and its ability to continue to emit a signal after being removed, it is difficult to imagine under what circumstances such a device may be concealed as defined by the statute. The Defendant did not "prevent disclosure or

2

recognition of" the GPS device, and the proof does not establish that the GPS device was placed out of sight. Accordingly, the State failed to establish that he concealed the GPS device.

Additionally, the "intent" element defines the defendant's necessary mental state. The State must prove that the Defendant concealed the GPS monitoring device "with intent to impair its verity, legibility, or availability as evidence." In other words, the State was required to prove beyond a reasonable doubt that when the Defendant put the GPS monitoring device in the trash can at the convenience store, he intended to impair its verity or availability as evidence in an investigation or his impending trial. The only direct proof concerning this issue was when the Defendant testified that he cut the GPS monitor off because he had tested positive for drugs. The State on appeal does not directly address this issue; instead, choosing to rely generally on the Defendant's admission to cutting off the GPS device, the parole supervisors' testimony that the device alerted based on tampering, and that it took twenty minutes to locate the device because it was "hidden" in a trash can. The majority satisfies this element by surmising the Defendant was aware that a warrant would be issued and that criminal charges would stem from cutting off the device.

However, the Defendant cut off the GPS device after he was made aware that he had a positive drug screen, a fact which would likely cause him to return to jail. I see no evidentiary value for the altered GPS device at the impending violation of parole hearing based on the Defendant's positive drug screen. The GPS device itself was not relevant to this hearing. As for the future evidence tampering warrant, I believe the majority misapprehends the Hawkins analysis of the intent element. For the reasoning of the majority to hold, a prior investigation into the *intact* GPS device itself would have been necessary, and the Defendant's act of cutting the GPS device would then serve as the basis for the tampering with physical evidence concerning that case. In other words, the State would be required to prove that the Defendant cut off the GPS device with the intent to prevent it from being used in the tampering with physical evidence investigation or trial. There is no evidence supporting this theory in the record. The Defendant cannot possess intent to alter or to conceal evidence for an investigation that did not exist. The Defendant's act of cutting off the GPS device was simply to facilitate his escape and avoid apprehension. This is the conduct for which he admitted his guilt. Because the evidence does not show that the Defendant cut off the GPS monitor with intent to impair its availability as evidence at the violation of parole hearing or his future trial, the Defendant's conviction should not stand. Accordingly, I would have reversed and dismissed the tampering with evidence conviction.

_____
CAMILLE R. MCMULLEN, JUDGE

3